Okay, thank you very much. Good morning, Your Honors. My name is Sean Louise and I represent the appellant in this case, Assata Samuseva. And in this case, Your Honors, our principal contention is that the government didn't prove that Commerce Clause was affected in this case to change this from a simple state crime from possession of drugs to a Commerce Clause. You didn't make a Rule 11 argument, did you? No, Your Honor. I was only appointed after the sentencing. And I filed a Notice of Appeal. I was appointed as CJA counsel after the sentencing phase. All right. But do you agree that the Rule 11 argument was waived? Yes, Your Honor. So at this point, it would be plain error, whatever. There was no timely objection in the trial court, so it would be plain error that affects the substantial rights of a party opponent. But you didn't raise a Rule 11 argument in your brief, either. The government answered with one, but you didn't really raise one. You raised something you called a jurisdictional argument. Yes, Your Honor. What's the jurisdictional argument? Whether or not there was any jurisdiction under the Commerce Clause. I don't even remember reading the words Commerce Clause in this brief. I don't think it's here. Let's assume it's not here. Unless one of my colleagues knows otherwise, I don't remember seeing those words. Yes, Your Honors. So I'm having trouble understanding the argument. Okay. What the argument is, one of the cases that it's cited both by myself and the U.S. government attorney is the United States v. MIGI 329F3rd. And the United States v. MIGI 329F3rd, 1085 9th Circuit, 2003. And in that case, there was actually a trial that occurred and there was testimony by a police officer that there was a certain amount of playground equipment. During MIGI's trial, an officer involved in the investigation testified that there was a playground equipment and a skating rink. In this case, the U.S. government attorney had offered proof at the change of plea. Well, okay, the statement was that the requisite three pieces of equipment or whatever, right? That's correct, Your Honor. And that your client, I would seem, is pretty well acquainted with this particular park because didn't she previously stipulate that that park is a playground? In a 1999 case. All right. Your Honor, I just wanted to point out is that she did violate a no entry zone order that was in her prior conviction from 99, but importantly, it increased her penalty enhancement from 24 months to 140 months. So you're not seeking to withdraw her plea. What you're seeking is you just want, you just don't want, you want less of a sentence, right? That's correct, Your Honor. And if she was because the government did not prove But they didn't have to prove it was a plea agreement. And therefore, it seems to me that you basically have a Rule 11 argument or nothing. I mean, either she had an involuntary plea because the factual basis was not adequately articulated and therefore her plea was not voluntary or nothing. I mean, I don't see any in between. What's the in between? Well, I guess then the real question is whether her plea was voluntary. Do you want to withdraw the plea? Is that what you're asking us to do, allow you to withdraw the plea? Well, if it was remanded and the court found that the government didn't prove You could withdraw the plea. Is that what you're asking for? Yes, Your Honor. All right. Is this, I mean, are you going to be able to prove that this isn't a playground? Well, I guess it will be the government's burden. They've got to prove that. The court did note, I mean, this is not much of a playground. The court even noted that this is Well, it's not whether it's much of a playground. It's whether it's legally a playground. They didn't say in the, when they stated the factual basis, they didn't say it was at the park. They said that location with the requisite three pieces of equipment. And the section, the law requires that, what does the law require? It's conclusionary, but it doesn't just say it's a park. It says with the requisite three pieces of equipment. So isn't that the requisite, what's required under the law there? Yes, there's three pieces of equipment. And I note the court did note on our excerpts, number four, the January 27, 2005 transcript at page 27, that we're still talking about dealing in drugs. We're talking about dealing in drugs in a park, even though Isla Park may be a place where chronic drug users hang out. It's also a place for kids skateboarding. Other people utilize it for their community recreation. It's still a park. But there's no evidence in the record that that would, in fact, and Ms. Samoseva should be allowed to raise a defense whether or not it did meet. But that would mean withdrawing the entire plea agreement. So you're comfortable with that representation. You've discussed this with your client and you're comfortable making an argument that would result in withdrawing the entire plea agreement. Is that what you're telling us? Because that's not what you said in your brief. Well, in this case, there was no plea agreement actually. The plea. Yes. No agreement. And the consequence of withdrawing the plea will be one of two things. One, there will be a new plea and a new colloquy, and presumably they'll get it right this time, so it's probably useless. And the other is that you go to trial. Those are the two possibilities. Well, and also that you could get more of a sentence. Right. That's included. So I think maybe you need to let us know by letter whether you even are asking for that relief because it's not at all clear from your brief that you are. Yes, Your Honor. Counsel, let me ask you this. If government counsel represented to the court during the plea colloquy that the requisite number of playground equipment existed and there was no objection to that, would that resolve this issue? Well, it could still be raised as a plain error that affects substantial rights, and I think what might be important in this case is that the Magee case was decided in 2003. This is 2006. There's no way for Ms. Samosevita to be able to cross-examine until a police officer or someone takes the stand and testifies what the current state of the park is because ---- That would happen in a plea setting. Yes, but if she was allowed to ---- Draw her plea and perhaps go to trial.  That's what you're thinking. But under Rule 11, you still have to be able to show that you wouldn't have entered the plea, that it would be reasonably likely or whatever that you wouldn't have entered the plea. And if she's already been convicted at that and stipulated previously that they've got those three pieces of equipment to make it a playground and it is, in fact, a playground, how would it be reasonably likely that she wouldn't have entered the plea? Well, she ---- Now there's a Ninth Circuit case holding that it's a playground, the same park. She did send a letter saying that she felt that her prior counsel was ineffective and it was based on ---- it was silent as to what it was based on. But she was subjected to a much harsher penalty, the 140 rather than the 24, just by being in the one-seat area, which is what this ---- I thought she was not going to do any good. This is not a very complicated factual issue. So it's not going to do a lot of good to go to trial if, in fact, there are three requisite pieces of equipment in that park. If she loses the acceptance of responsibility credit as well. Yes. Just assuming the park is in the same state that it was in 2003, it wouldn't do any good. But if the park is not in the same state ---- No, I understand that. It's just very ---- this has been a very difficult case to understand because your brief did not talk in terms of jurisdiction. There's no jurisdictional issue here as far as I can see. And therefore, you didn't confront the issue, as far as I can tell, of what relief you were really seeking if this was a Rule 11 argument. Yes, Your Honor. I apologize for that. Usually I did cite in some of the cases that I cited, the Fourth and the Ninth Circuit, just discussed the Commerce Clause, and I apologize not making that. Okay. Thank you very much, Counsel. Good morning. May it please the Court. I'm Larry Tong, Assistant United States Attorney from Hawaii. I was not involved in the trial proceedings, nor was I involved in the preparation of the brief. I give that preface only because I, too, did not understand that Commerce Clause challenged to the ---- Well, but your brief, as it were, even though maybe you didn't write it, is the one that makes the first discussion of Rule 11. Absolutely. But if it wasn't raised previously, isn't it waived? Yes. So why does the government even mention that? Well, we go through the plain error analysis because, Your Honor, I mean you could stop at the waiver or else you could go under the Vaughn case or the Jimenez-Damenguez case interpreting Vaughn, which basically says this Court can conduct a plain error analysis of whether there's any ---- It certainly can if the issue is raised in the defendant's brief, but it wasn't here. I understand that, Your Honor. And ---- At this point, since it's been briefed, there's ---- I mean, we also have some rules that say that although ordinarily we want to address an issue that isn't raised in the appellant's brief, if the opposing parties had a chance to address it, then we can do so because that makes sense because you've already briefed it. That's right, Your Honor. So on that theory, there's no particular reason we shouldn't address it as a Rule 11 case. My view is ---- Except that the defendant may not want the remedy that goes with it. I was confused about what remedy was being sought because the prayer for relief or the conclusion part of the brief either said that the sentence should be vacated or that judgment should even be entered in the defendant's favor. So I wasn't clear if that was a motion to dismiss on some ground or what it was. But the way we viewed it was he was alleging a Rule 11 claim for the first time on appeal, which would be subject to plain error review, if at all. And under the plain error review, under the Bond case as well as the Ninth Circuit precedent, this Court is not confined to the four corners of the Rule 11 colloquy, but you can look at the entire record. As Your Honor has pointed out, the record here shows that she had actual notice that this was a protected location. She has an earlier conviction for the exact same offense, and she was on supervision as a result of that offense when she committed this particular offense. There was a factual proffer, although it was not elegantly made, nor did the Court directly get the defendant with her own words to say yes, it occurred in that protected location. It was part of the record. And counsel both discussed it on the record and said yes, it occurred. But the Court never did, though, agree that there were the requisite three? Playground apparatus. No, that was not – it was done, as Your Honor pointed out, in a conclusory fashion. But even in a conclusory fashion, I don't think she agreed to that. She agreed to the fact that it was a par. True. And the record in the PSR, though, which the Court, of course, can review, also contains the factual allegation that this occurred within a thousand feet of a public playground. There was no objection from the counsel or the defendant. Well, didn't the Court even measure in the courtroom? Yes. Say something like that? How far away were you when you sold the drugs and the defendant made something and the Court was aware of what the measurements in the courtroom were and went to the point of establishing that it was certainly within the thousand feet? Indeed, Your Honor. The transcript of that hearing, November 1403, which is part of the excerpt of record, unnumbered, the defendant admitted that it was within 60 feet of the public playground, which this Court in 2003 in the Miggie case, as my friend pointed out, did hold that at that point in time it was a playground within meaning of the definition. But, Your Honor, if I may, there is one other reference that I noticed in reviewing the excerpts. The defendant was on supervision at the time of this offense, and there was a revocation hearing on account of this particular offense. And as part of the excerpts of record filed at a revocation hearing on April 19th of 2004 at page 9, the defendant was directly asked, did you commit this offense within 1,000 feet of a playground? And she said yes. That is part of the record. If I may, Your Honor, there is one other argument that I'd like to expand upon slightly from what my colleague wrote in the brief. My opponent this morning said that the defendant was subjected to a much heavier punishment on account of the location of this offense. I beg to differ. In reading the pre-sentence report, it is very clear that the location of the offense played absolutely no role in the ultimate sentence. What happened is the defendant clearly admitted, even by my colleague's argument, to committing a drug offense under 21 U.S.C. 841A1. That has been held by this Court to be a lesser included offense of the 860 offense which was charged. That is the Kakatin case, K-A-K-A-T-I-N, 214 Fed 3rd, 1049, a 2000 decision. The sentence here, if Your Honors would review the pre-sentence report, was based not on the location of the offense, but on the fact that the defendant committed a drug trafficking offense and she was a career offender. If Your Honors look at the pre-sentence report that appears in paragraph 23, and essentially the paragraphs preceding paragraph 23 essentially apply the base offense level for a drug trafficking offense. They add two levels for the fact that it occurred within a thousand feet of a playground. The adjusted offense level then became a level 20. But when you get to paragraph 23, the pre-sentence writer, and again without objection of the defendant, said that because this defendant had two prior felony convictions involving a crime of violence or a drug trafficking offense, the guidelines would be increased under the sentencing guidelines 4B1.1 for career offender status, and the guideline range was there, or the base offense level was therefore up to level 37. So even if you ignored where the offense occurred, the mere fact that she committed a drug trafficking offense at any location anywhere would have kicked in the career offender status as the defense agreed in the court below. That drove the guideline range up to 262 to 327 months. But I thought the problem here was not the guideline range so much as the mandatory minimum. No. The problem here, as I understand it, is he believes the sentence was enhanced on account of the location of the offense. But the location of the offense was in the statute. It was not in the guidelines. No? Well, it's both. The location of the offense adds two levels. And as it appears in the statute, it results in a mandatory minimum of three years. Right. Three years. We're saying that there was a mandatory minimum of three years for a different reason, or that there was a guideline range for a different reason? The guideline range was for a different reason. And the guideline range was for a different reason. And that is different, though, because for purposes, especially after Booker, whether he had a mandatory minimum or didn't have a mandatory minimum could well have mattered in the ultimate sense. Yes. So why are you saying it doesn't matter? That's what I'm not understanding. I'm trying to point out that she was sentenced not on the basis of where the offense occurred, but on the basis that she was a career offender. Because the defendant, as I understood it, was ---- But the career offender is a guidelines concept, right? I understand, Your Honor. I understand the point. If the court were to disagree, then I suppose the mandatory minimum would be excised. There is nothing in the record in any way, shape or form suggesting that that played any impact in Judge Gilmour's sentencing. If Your Honor were to review the sentencing transcript, she thought 262 months was too high. And she granted, I guess, the post-Booker equivalent of a downward departure and went to 140 months, which was about half of what was required. And she made the sentence concurrent with the sentence ultimately imposed on the revocation. It was already a lot more than three years is what you're saying. It was already a lot more than three years. Something that three years didn't matter. Indeed, Your Honor. So I believe we've tried to address the allegations as we understood them. If the court does not have any other questions, I will. Thank you very much. Thank you. Thank you, counsel. Why don't we give you 30 seconds if you have something to say. Yes. I just have a question, Your Honor. Do you want me to consult with my client and do that? Yes. Why don't you write us a letter and tell us whether you want to persist with this and whether you are actually seeking the relief that one would get on the only theory that we seem to think exists, which is Rule 11. Could I have the time frame within which you would give us that letter? Could I have 30 days? Because she's on a mainland facility. So I need to make arrangements to make sure that she adequately understands. And another thing is her primary language. Why don't we consult? We'll issue an order. Okay. Okay. Thank you very much. Thank you, Your Honor. Thank you, counsel. Counsel, the court will take a short recess and we will be back for the final two cases.
judges: Berzon, Rawlinson, Callahan